Not for Publication

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **W.R.Y.B.,**  Petitioner,  v.  **PAMELA BONDI,** *U.S. Attorney General, et al.*,  Respondents. | **Civil Action No.: 25-17378 (ES)**  **ORDER** |

**SALAS, DISTRICT JUDGE**

It appearing that:

1. On November 12, 2025, petitioner W.R.Y.B. ("Petitioner"), through counsel, submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (D.E. No. 1 ("Petition" or "Pet.")). According to the Petition, Petitioner is confined as an immigration detainee at the Delaney Hall Detention Facility in Newark, New Jersey. (*Id.* ¶ 1). He asks the Court to order that Petitioner shall not be transferred outside the District of New Jersey while this Petition is pending. (*Id.* at 22). Petitioner further requests that the Court enter an order to show cause ("OTSC") why a writ of habeas corpus should not be granted within three days. (*Id.*). Petitioner also filed a motion for leave to proceed using his initials only and to redact his alien registration number and the full names of his immediate family members. (D.E. No. 2 ("Motion to Proceed

---

[1] Petitioner names as respondents (in their official capacities) Pamela Bondi, U.S. Attorney General; John Tsoukaris, Field Office Director of Enforcement and Removal Operations, Newark Field Office, Immigration and Customs Enforcement ("ICE"); Kristi Noem, Secretary, U.S. Department of Homeland Security; the Executive Office for Immigration Review; and Luis Soto, Director of Delaney Hall ICE Detention Facility ("Respondents"). (Pet. at 1, ¶¶ 15–19).

Using Initials Only" or "Mot. to Proceed Using Initials Only")). On November 14, 2025, Sharone Kaufman moved for leave to appear *Pro Hac Vice* as counsel for Petitioner in this matter. (D.E. No. 3 ("Motion to Proceed *Pro Hac Vice*")).

2. 28 U.S.C. § 2243 provides in relevant part that "[a] court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Under this statutory provision, "[t]he writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." However, "[t]hat statute . . . is 'not the only statute governing a habeas petition.'" *Schumaker v. Knight*, No. 23-20834, 2024 WL 866347, at *1 (D.N.J. Feb. 29, 2024) (quoting *Iremashvili v. Rodriguez*, No. 15-6320, 2017 WL 935441, at *2 (D.N.J. Mar. 9, 2017)). Rule 4 of the Rules Governing Section 2254 Cases ("Rule 4"), applicable to 28 U.S.C. § 2241 cases through Rule 1(b) of the Rules Governing Section 2254 Cases, "provides the Court an alternative procedure, one that takes priority over the requirements of 28 U.S.C. § 2243." *Id.*; *see also Iremashvili*, 2017 WL 935441, at *2–4 (explaining that, as a procedural rule subsequently adopted by the Supreme Court and approved by Congress, Rule 4 supersedes § 2243).

3. Under Rule 4, the Court must promptly examine the Petition to determine whether it should be dismissed on the grounds that "it plainly appears from the petition and any attached exhibits that the petitioner is entitled to relief." "If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Rule 4.

4. This Court has screened the Petition for dismissal pursuant to Rule 4, and has determined that dismissal without an expedited answer and production of the record is not warranted.

5. "The ability to proceed anonymously is reserved for 'exceptional cases.'" *Doe No. 1 v. Noem*, No. 25-1962, 2025 WL 1574916, at *1 & n.6 (D.N.J. May 20, 2025) (citing *Doe v. Univ. of Pa.*, No. 23-1613, 2024 WL 2575702, at *1 (3d Cir. May 24, 2024)). The litigant must allege he has a reasonable fear of severe harm that would result from litigating without a pseudonym. *Id.* at *1 & n.7 (citing *Doe*, 2024 WL 2575702, at *1). "If a litigant sufficiently alleges this harm, the court 'employs a balancing test to determine whether the party's reasonable fear of severe harm 'outweighs the public's interest in open litigation.'" *Id.* at *1 & n.8 (quoting *Doe*, 2024 WL 2577502, at *1).

6. The Court finds that Petitioner sufficiently alleges a reasonable fear of severe harm outweighing the public's interest in open litigation. Specifically, Petitioner is seeking protection from removal because he allegedly fears persecution if he is removed to his native country and his risk of harm may be increased if his name and the details of his case are easily accessible to his alleged persecutors; there is a strong interest in protecting Petitioner's privacy because he is challenging his detention while pursuing fear-based claims for relief in his immigration proceedings, Petitioner is not a public figure, and his identity does not appear especially relevant to the issues presented in this proceeding; and denying Petitioner leave to proceed anonymously may lead him or other similarly situated individuals from forfeiting their claims; and there is no indication that Petitioner has an ulterior motive for seeking anonymity. (Mot. to Proceed Using Initials Only at 5–8).

7.	On November 17, 2025, Petitioner's counsel filed a motion to compel his transfer to the District of New Jersey and request for a conference. (D.E. No. 4 ("Motion to Compel")). They represent that, at the time the Petition was filed, Petitioner was detained at Delaney Hall. (*Id.* at 1). "However, undersigned counsel's office was made aware that early in the morning of November 13, 2025, around 2am., W.R.Y.B. was removed by ICE out of the Delaney Hall." (*Id.*). According to Petitioner's counsel, his location was unknown; however, they now understand that Petitioner has been transferred over "the last few days" to Louisiana and then Mississippi. (*Id.* (citing D.E. No. 4-2)). "It is understood that W.R.Y.B. may be imminently moved again, to an unknown location." (*Id.* at 2).

8.	The Court conducted a telephonic conference on the record on November 19, 2025. (*See* D.E. No. 14). On the record, the Court denied the motion to compel. It explained that this Court retains jurisdiction over the instant Petition regardless of Petitioner's location. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). However, pursuant to the All Writs Act, *see* 28 U.S.C. § 1651(a)—empowering the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law"—the Court ordered that Petitioner shall not be transferred from his current location pending further order of this Court. Similarly, the Court ordered that Petitioner shall not be removed from the United States during the pendency of the instant Petition. The Court stated that it would issue a forthcoming order consistent with its ruling on the record with respect to Petitioner's motion to compel, OTSC, and remaining motions.

For the foregoing reasons, in particular for the reasons stated on the record at the November 19, 2025 telephone conference, and for good cause shown,

**IT IS** on this 20th day of November 2025,

4

**ORDERED** that Petitioner's Motion to Compel (D.E. No. 4) is **DENIED;** and it is further

**ORDERED** that Petitioner **SHALL NOT** be **TRANSFERRED** from his current location pending further order of this Court; and it is further

**ORDERED** that Petitioner **SHALL NOT** be **REMOVED** from the United States during the pendency of the instant Petition; and it is further

**ORDERED** that, within twenty-four (24) hours of entry of this Order, counsel for Respondents shall **FILE** and **SERVE** a letter identifying Petitioner's current location; and it is further

**ORDERED** that Petitioner's request for an OTSC (Pet. at 22) is **DENIED**; and it is further

**ORDERED** that Petitioner's Motion to Proceed Using Initials Only (D.E. No. 2) is **GRANTED**; the parties are hereby directed to refer to Petitioner by his initials "W.R.Y.B." and to redact Petitioner's alien registration number and family members' full names in any supporting documents filed in this matter; and it is further

**ORDERED** that the Motion to Proceed *Pro Hac Vice* (D.E. No. 3). is **GRANTED**; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of the Petition (D.E. No. 1), the attachments to the Petition (D.E. Nos. 1-1 through 1-4), the Motion to Proceed Using Initials Only (D.E. No. 2), the attachments to the Motion to Proceed Using Initials Only (D.E. Nos. 2-1 & 2-2), the Motion to Proceed *Pro Hac Vice* (D.E. No. 3), the attachment to the Motion to Proceed *Pro Hac Vice* (D.E. No. 3-1), the Motion to Compel (D.E. No. 4), the exhibits attached to the Motion to Compel (D.E. Nos. 4-1 & 4-2), and this Order upon Respondents by electronic mail and regular U.S. Mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of Court shall forward a copy of the Petition (D.E. No. 1), the attachments to the Petition (D.E. Nos. 1-1 through 1-4), the Motion to Proceed Using Initials Only (D.E. No. 2), the attachments to the Motion to Proceed Using Initials Only (D.E. Nos. 2-1 & 2-2), the Motion to Proceed *Pro Hac Vice* (D.E. No. 3), the attachment to the Motion to Proceed *Pro Hac Vice* (D.E. No. 3-1), the Motion to Compel (D.E. No. 4), the exhibits attached to the Motion to Compel (D.E. Nos. 4-1 & 4-2), and this Order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that, within twenty-one (21) days of the date of entry of this Order, Respondents shall electronically file a full and complete answer to the Petition (D.E. No. 1), which responds to the factual and legal allegations of the Petition; and it is further

**ORDERED** that the answer shall state the statutory authority for Petitioner's detention, *see* 28 U.S.C. § 2243, and provide the relevant legal analysis and record; and it is further

**ORDERED** that Respondents shall raise in the answer any appropriate defenses and relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** that Respondents shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; and it is further

**ORDERED** that all exhibits to the answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

**ORDERED** that Petitioner may file and serve a reply in support of the Petition within fourteen (14) days after the answer is filed; and it is further

**ORDERED** that within seven (7) days after any change in Petitioner's custody or immigration status (be it release or otherwise) occurring any time during the pendency of this case, Respondents shall electronically file a written notice of the same with the Clerk of Court.

                                             s/ *Esther Salas*
                                             **Esther Salas, U.S.D.J.**